NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—June, 1886.

## LANE *v.* LEWIS.

*In the matter of the estate of* ELIZABETH BUCK (*otherwise* GILBERT), *deceased.*

The office and authority of one designated a trustee by a will being derived wholly from that instrument, without intervention by any court, the *status* of such a person, where disqualified by statute to act in the capacity indicated, is substantially the same as that of an executor who, though for like reasons incompetent, has in fact received letters in the absence of opposition.

Hence where it appeared that the person appointed by a will, to execute certain trusts thereby created, was a non-resident alien, who had never signified his acceptance, nor assumed the duties, of the office,—

*Held,* that he might be removed, under the authority of Code Civ. Pro., § 2817, which permits the removal of a testamentary trustee for a cause which would prevent the issue of letters to him as an executor; and a successor be appointed as prescribed by id., § 2818.

Where the decree of a Surrogate's court, removing a sole testamentary trustee, designates another in his place, the exaction of a bond from the successor, though not required by statute, is in the discretion of the court; which may also determine to whom notice of the proposed appointment shall be given.

PETITION, by George Lane, an infant beneficiary under decedent's will, for the removal of George Henry Lewis from office as trustee thereunder, and the appointment of a successor. The facts appear sufficiently in the opinion.

CHAS. L. DAVISON, *for petitioner.*

SCOTT & CROWELL, *for heirs and next of kin.*

BROWNELL & LATHROP, *for W. W. Gilbert.*

THE SURROGATE.—The testatrix died in this city on the sixth day of July, 1883. She left a last will and testament whereby she bequeathed and devised her entire estate to one George Henry Lewis, as trustee, with directions to sell the same, and after payment of her just debts to invest the proceeds of the sale, and to hold such investments upon certain trusts in such will specified. That instrument was admitted to probate on the 22nd of October, 1885. In behalf of George Lane, an infant beneficiary thereunder, objection was interposed to the granting of letters testamentary to George Henry Lewis, upon the ground that he was a non-resident alien, and was, therefore, not qualified to act as executor. This objection was sustained, and the public administrator was, in December, 1885, appointed administrator, *c. t. a.,* of this estate. George Lane has since filed a peti-

tion, wherein he represents that the same causes which disqualified Lewis from becoming executor disqualified him also from acting as testamentary trustee. The petitioner accordingly asks that the said Lewis be removed from the office of trustee, and that another be appointed in his place. Mr. Lewis himself is the only person who has been cited to attend this proceeding, and no person else has asked leave to intervene; but certain counsel, whose clients claim to be interested in the estate, have suggested as *amici curiæ* that the court is without jurisdiction to grant the relief prayed for, and that in no event should a new trustee be appointed, until all persons absolutely or contingently entitled to take under the will shall have been duly notified.

Whatever authority the Surrogate has, in a case like the present, is derived from §§ 2817 and 2818 of the Code of Civil Procedure. Section 2817 provides as follows: " A person beneficially interested in the execution of the trust may present to the Surrogate's court a written petition, duly verified, setting forth the facts, and praying for a decree removing a testamentary trustee from his trust; and that he may be cited to show cause why such a decree should not be made . . . . . where, if he was named in a will as executor, letters testamentary would not be issued to him by reason of his personal disqualification or incompetency."

Now, it is admitted that the respondent has never acted as a trustee under this will, has never signified his acceptance of the office, and has never been qualified to assume its duties. It is insisted that, for that

very reason, he cannot now be *removed*.   As a mere
verbal criticism, this objection is not without force,
but when it is remembered that a competent testa-
mentary trustee derives his authority directly from
the will appointing him; that he requires and re-
ceives no letters from the Surrogate as a badge of such
authority; that except under special circumstances
no bond can be exacted from him as security for the
due performance of his duties; and when the lan-
guage of § 2817 is carefully considered and compared
with that of § 2685, it will be discovered that the ob-
jection has no solid foundation.

The present situation, indeed, seems to me to be
one for which the legislature intended to furnish the
precise relief which this petitioner asks.   If the re-
spondent had applied for and obtained letters testa-
mentary, being at the same time a non-resident alien,
the Surrogate could, undoubtedly, upon proper appli-
cation, have revoked such letters and removed him
from office, even in advance of any exercise or at-
tempted exercise on his part of his functions as such
executor (Code Civ. Pro., § 2685, subd. 1).   The *status*
of a person appointed by a will as testamentary
trustee, and disqualified from acting as such by rea-
son of alienage and non-residence, is practically the
same as that of an executor, who, though similarly
disqualified, has in fact obtained letters in the absence
of opposition.

This conclusion is strengthened, I think, by the
declaration of § 2514, subd. 6, that the expression
" testamentary trustee," as used in ch. 18 of the Code,
" includes every person (with certain exceptions) who

is designated by the will, or by any competent authority, to execute a trust created by a will." The respondent is a person designated by a will to execute its trusts, and I hold that whatever authority or show of authority the will gives him may be extinguished by the Surrogate, in the exercise of his jurisdiction under § 2817.

Section 2818, as amended by L. 1884, ch. 408, provides that " where a sole testamentary trustee . . . . is, by a decree of the Surrogate's court, removed . . . . . and the trust has not been fully executed, the same court may appoint his successor, unless such an appointment would contravene the express terms of the will. . . . . . Where a decree removing a trustee . . . . . does not designate his successor . . . . . the successor must be appointed and must qualify in the manner prescribed by law for the appointment and qualification of an administrator with the will annexed." It is claimed that, under this section, an appointment of a new trustee ought not to be made until all persons interested in the estate shall have been made parties to the proceeding, and that the trustee, when appointed, should give such bond as would be required from an administrator with the will annexed. It is clear that the statute does not make the exaction of a bond essential in a case where the decree, by which one trustee is removed, designates another in his place. That in such a case, however, the Surrogate may, in his discretion, require a bond I have no doubt (Matter of Whitehead, 3 *Dem.*, 227 ; Tompkins v. Moseman, 5 *Redf.*, 403 ; Peo. v. Norton, 9 *N. Y.*, 176 ; Milbank v. Crane, 25 *How. Pr.*, 193 ;

Matter of Stuyvesant, 3 *Edw. Ch.*, 299; Matter of Jones, 4 *Sandf. Ch.*, 615; Matter of Robinson, 37 *N. Y.*, 261).

These decisions also establish that, in a proceeding for the appointment of a trustee, it is not necessary that all persons interested in the trust property or estate should be made parties, but it is for the court, in its discretion, to determine to whom notice shall be given.   I understand that, in the case at bar, the attorneys who were lately before the Surrogate as *amici curiæ* are authorized to represent all the beneficiaries under the will.   They may have formal notice of this application, and will be heard, in respect to the selection of the trustee to be appointed, and the propriety of exacting a bond.